UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIRA SHEIKH,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVITA INC., et al.,<br><br>        Defendants. | Case No. 2:25-cv-0111-TLN-CSK<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 15) |

The Court has reviewed the parties' stipulated protective order below (ECF No. 15), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated:  August 22, 2025

                                                                                CHI SOO KIM<br>
                                                                                UNITED STATES MAGISTRATE JUDGE

5, shei.0111.25

PANKIT DOSHI (SBN 231369)
pdoshi@mwe.com
M. ALEJANDRA CHUMBES (SBN 358028)
achumbes@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
415 Mission St Suite 5600
San Francisco, CA  94105-2616
Telephone:     +1 628 218 3800
Facsimile:     +1 628 877 0107

CHRISTOPHER BRAHAM (SBN 293367)
cbraham@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone: (310) 277-4110

Attorneys for Defendants
DAVITA, INC. AND DVA RENAL HEALTHCARE, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIRA SHEIKH, an Individual,<br><br>        Plaintiff,<br><br>   v.<br><br>DAVITA INC., a Delaware corporation; DVA RENAL HEALTHCARE, INC., a Tennessee corporation; and DOES 1 through 10, inclusive,<br><br>        Defendant. | CASE NO. 2:25-cv-00111-TLN-CSK<br><br>**STIPULATION AND** ~~PROPOSED~~ **PROTECTIVE ORDER** |

1. **PURPOSES AND LIMITATIONS**

    Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **GOOD CAUSE STATEMENT**

    The Parties have good cause to request a protective order because documents relevant to the adjudication of the claims at issue involve personal, private, and financial information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and financial materials and information consist of, among other things, medical records, medical notes, financial information relating to the business, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

    Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. **ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE**

    The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule

141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as "Confidential" or "Highly Confidential" does not – without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable – constitute good cause.

**4.   DEFINITIONS**

**4.1** "**Action**" means the above entitled proceeding *Saira Sheikh v. DaVita Inc. and DVA Renal Healthcare, Inc.*, styled case No. 2:25-cv-00111-TLN-CSK.

**4.2** "**Court**" shall mean the Honorable Troy L. Nunley or any other judge to which his Action may be assigned, including Court staff participating in such proceedings.

**4.3** "**Confidential**" means any Documents, Testimony, or information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law.

**4.4** "**Confidential Materials**" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

**4.5** "**Highly Confidential**" means any information which belongs to a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

**4.6 "Highly Confidential Materials"** means any Documents, Testimony, or Information, as defined below, designated as "Highly Confidential" pursuant to the provisions of this Stipulation and Protective Order.

**4.7 "Designating Party"** means the Party that designates Documents, Testimony, or Information as defined above as "Confidential" or "Highly Confidential."

**4.8 "Disclose"** or **"Disclosed"** or **"Disclosure"** means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

**4.9 "Documents"** means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence Section 1001, which have been produced in discovery in this Action by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

**4.10 "Information"** means the content of Documents or Testimony.

**4.11 "Testimony"** means all depositions, declarations or other testimony taken or used in this Action.

**4.12 "Plaintiff**" means Plaintiff Saira Sheikh

**4.13 "Defendants"** means Defendants DaVita Inc. and DVA Renal Healthcare, Inc.

**4.14 "Parties"** means Plaintiff and Defendants, collectively, as identified above.

**4.15 "Receiving Party"** means the Party that receives Documents, Testimony, or Information as defined above as "Confidential" or "Highly Confidential."

5. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Confidential or Highly Confidential Materials (as defined above), but also (1) any information copied or extracted from Confidential Documents; (2) all copies, excerpts, summaries, or compilations of Confidential or Highly Confidential Materials; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential or Highly Confidential Materials.

Any use of Confidential or Highly Confidential Materials at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Confidential or Highly Confidential Materials at trial.

**6.    DURATION**

Once a case proceeds to trial, information that was designated as Confidential or Highly Confidential pursuant to this protective order and introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial and an additional order will need to be entered should either party believe protections are needed after the commencement of trial.

**7.    DESIGNATING PROTECTED MATERIAL**

**7.1**    The Designating Party shall have the right to designate as "Highly Confidential" only the non-public Documents, Testimony, or Information that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury, if Disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means.

**7.2**    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege; or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, other privileges, or any Party's right to contest any such assertion.

**7.3**    Any Documents, Testimony, or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

**7.3.1**    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated material.

**7.3.2**    For Testimony given in depositions the Designating Party may either:

      i.      identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;" or

      ii.     designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential" as instructed by the Designating Party.

**7.3.3** For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions.

**7.4** The inadvertent production by any of the undersigned Parties or non-Parties to the Action of any Document, Testimony or Information during discovery in this Action without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information

designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential" or "Attorney Eyes Only" materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Document, Testimony, or Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

## 8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**8.1.** Timing of Challenges. A Receiving Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**8.2** Meet and Confer. A Receiving Party shall initiate the dispute resolution process under Federal Rule of Civil Procedure 37.

**8.3** Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 143.

**8.4** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Receiving Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## 9. ACCESS TO AND USE OF PROTECTED MATERIAL

**9.1** Basic Principles. Receiving Party may use Confidential or Highly Confidential

Materials that are disclosed or produced by the Designating Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Confidential or Highly Confidential Materials may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, the Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Confidential or Highly Confidential Materials must be stored and maintained by the Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**9.2** <u>Disclosure of "Confidential" Materials</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, the Receiving Party may disclose any information or item designated "Confidential" or "Confidential Materials" only to:

(a) the Court;

(b) Attorneys of record in the Action and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Action and are not employees of any Party;

(c) if the Receiving Party is Plaintiff, then Plaintiff Saira Shiekh. If the Receiving Party is a defendant, then in-house counsel and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that regardless of party, each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

(d) if the Receiving Party is a defendant, then those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Action; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as

**Exhibit A**;

(e) court reporters in this Action (whether at depositions, hearing, or any other proceeding);

(f) any deposition, trial or hearing witness in the Action who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

(g) any deposition or non-trial hearing witness in the Action who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

(h) mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A;**

(i) outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Action, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

(j) any other person or entity that the Designating Party agrees to in writing.  Provided, however, that prior to the Disclosure of Confidential Materials to any such person, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a

statement in the form attached hereto as **Exhibit A.**

**9.3** <u>Disclosure of "Highly Confidential" Materials</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, the Receiving Party may disclose any information or item designated "Highly Confidential" or "Highly Confidential Materials" only to:

(a) Trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Action (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Highly Confidential Materials to be Disclosed for purposes of this Action. Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order. "Trial Counsel," for purposes of this Paragraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in house counsel;

(b) outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Action, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Highly Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A** prior to the Disclosure of Highly Confidential Materials. It shall be the obligation of Trial Counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify Trial Counsel for the Designating Party of such breach or threatened breach;

(c) any person who authored, received, saw or was otherwise familiar with Documents, Testimony, or Information or thing designated "Highly Confidential," including any person otherwise familiar with the Highly Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Highly Confidential Information;

(d) court reporters in this Action (whether at depositions, hearings, or any other proceeding); and

(e) the Court.

**9.4** Confidential Materials or Highly Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Action, and not for any business or other purpose whatsoever.

**9.5** Any Party to the Action (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Action, to modify or grant relief from any provision of this Stipulation and Protective Order.

**9.6** Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

  a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

  b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

    i. to seek a determination by the Court of whether any particular Confidential Materials or Highly Confidential Materials should be subject to protection under the terms of this Stipulation and Protective Order; or

    ii. to seek relief from the Court on appropriate notice to all other Parties to the Action from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

**9.7** Any Party to the Action who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this

Stipulation and Protective Order.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If Plaintiff or Defendants are served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "Confidential" or "Highly Confidential" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose "Confidential," or "Highly Confidential" documents may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Highly Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

(d) Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials or Highly Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "Confidential" or "Highly Confidential." Such information produced by

Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protection.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Confidential Material or Highly Confidential Material.

12. **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material or Highly Confidential Material and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

//

//

### 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Designating Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials or Highly Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials or Highly Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

### 14. MISCELLANEOUS

**14.1** <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**14.2** <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party waives any rights it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**14.3** <u>Filing Protected Material.</u> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested people, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

to Civil Local Rule 141, a sealing order will be issued only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141 unless otherwise instructed by the court.

### 15. FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material or Highly Confidential Materials. Any such archival copies that contain or constitute Confidential Material or Highly Confidential Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH THE PARTIES' COUNSEL OF RECORD.**

Dated: August 19, 2025              **MCDERMOTT WILL & SCHULTE LLP**

By:   */s/ Pankit Doshi*
PANKIT DOSHI
CHRIS BRAHAM
M. ALEJANDRA CHUMBES
Attorneys for Defendants
DAVITA, INC. and DVA RENAL HEALTHCARE, INC.

By:     */s/ Neama Rahmani*
NEAMA RAHMANI
RONALD L. ZAMBRANO
ASHLEY J. GARAY
Attorneys for Plaintiff
SAIRA SHEIKH

**EXHIBIT A**

**Certification Re Confidential Discovery Materials**

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Action, **(**No. 2:25-cv-00111-TLN-CSK**)**. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Action. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Action, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Action.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Action in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Action, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this \_\_\_\_\_ day of _____, 20\_\_, at _____.

DATED: _____    BY: _____
                                                Signature

                                                _____
                                                Title

                                                _____
                                                Address

                                                City,          State,          Zip

                                                _____
                                                Telephone Number