UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIRA SHEIKH, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DAVITA INC., a Delaware corporation; DVA RENTAL HEALTHCARE, INC., a Tennessee corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:25-cv-00111-TLN-CSK <br><br> **ORDER** |

This matter is before the Court on Plaintiff Saira Sheikh's ("Plaintiff") Motion to Remand. (ECF No. 4.) Defendants DaVita, Inc. ("DaVita") and DVA Healthcare, Inc. ("DVA") (collectively, "Defendants") filed an opposition. (ECF No. 11.) Plaintiff did not file a reply. For the reasons set forth below, the Court DENIES Plaintiff's Motion to Remand.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from an employment dispute. Defendants employed Plaintiff as a File Clerk from February 11, 2005 to August 1, 2024. (ECF No. 4 at 3.) On or about April 29, 2024, Plaintiff's husband sustained a severe back injury in a car accident requiring surgery. (*Id.* at 4.) Plaintiff took temporary leave to serve as her husband's caregiver and subsequently requested a transfer to a smaller clinic closer to her home. (*Id.*) Shortly thereafter, Plaintiff was terminated

1

1 without explanation. (*Id.*)

2 On December 9, 2024, Plaintiff filed a lawsuit in Solano County Superior Court, asserting the following claims: (1) associational disability discrimination in violation of Fair Employment and Housing Act ("FEHA"); (2) failure to accommodate in violation of FEHA; (3) failure to engage in the interactive process in violation of FEHA; (4) retaliation in violation of FEHA; (5) violation of the California Family Rights Act; (6) failure to prevent discrimination and retaliation in violation of FEHA; and (7) wrongful termination in violation of public policy. (ECF No. 1 at 65–84.) On January 10, 2025, Defendants removed the action to this Court based on diversity jurisdiction. (ECF No. 1.) On January 21, 2025, Plaintiff filed the instant Motion to Remand. (ECF No. 4.)

**II.    STANDARD OF LAW**

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by Defendants to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). The party asserting federal jurisdiction bears the burden of proving diversity. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)). Removal statutes are to be strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (overruled on other grounds in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–89 (2014)).

The amount in controversy is determined by reference to the complaint itself and "includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Where the complaint does not pray for damages in a specific amount, Defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). If the amount is not facially apparent from the complaint, a court may "require parties to submit summary-judgment-type evidence relevant to the amount in

1  controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d. at 376
2  (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)).

### III.   ANALYSIS

Plaintiff argues this action should be remanded because Defendants have failed to show the amount in controversy exceeds $75,000. (ECF No. 4 at 4.) Specifically, Plaintiff argues Defendants' calculation of lost wages is speculative because it was calculated up through a hypothetical trial date and is incorrect because it relies on a higher annual salary than Plaintiff alleged to have earned in her Complaint. (*Id.* at 7–8.) Plaintiff further argues Defendants provide no evidentiary support for the estimate of attorney's fees, emotional distress damages, or punitive damages. (*Id.* at 8–9.)

In opposition, Defendants contends the amount in controversy easily exceeds $75,000 with Plaintiff's lost wages claim alone. (ECF No. 11 at 16.) Defendants argue the amount in controversy is not limited to the damages incurred prior to removal but also includes all damages a prevailing plaintiff would be entitled to through the trial date. (*Id.* at 10 (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)).) Defendants contend courts within the Ninth Circuit routinely endorse calculating a plaintiff's damages for a lost wage claim based on a reasonable assumption that trial will not be set for at least one year from the date of the filing of removal. (ECF No. 11 at 11 (citing *Fisher v. HNTB Corp.*, Case No. 2:18-cv-08173-AB-MRW, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018)).) Based on Plaintiff's annual salary and the period of time during which Plaintiff will accrue lost wages, Defendants contend Plaintiff's lost wages damages is reasonably estimated at $194,420, which exceeds the amount in controversy requirement. (*Id.* at n.1) In addition, Defendants assert the amount in controversy is evidenced by Plaintiff's own settlement position and other similar wrongful termination cases. (*Id.* at 9, 12–13.) Finally, Defendants argue the amount in controversy requirement can be met by relying on Plaintiff's remaining claims for punitive damages, emotional distress, and attorneys' fees. (*Id.* at 13–16.)

At the outset, the Court notes the parties do not dispute that diversity of citizenship exists. As such, the Court only addresses whether the amount in controversy exceeds $75,000. Evidence

3

establishing the amount is required by 28 U.S.C § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations in its notice of removal. *See Owens*, 574 U.S. at 89.

Here, Defendants have proved by a preponderance of the evidence that the amount in controversy exceeds $75,000. First and foremost, Defendants provide the declaration of Human Resources professional, Kristine Mendoza ("Mendoza"), who has personal knowledge of DaVita's employment personnel records. (ECF No. 1-2.) Mendoza's declaration asserts that Plaintiff's annual salary at the time of Plaintiff's termination was $134,655.30. (*Id.* at 2.) The Court agrees with Defendants that the amount in controversy includes all damages a prevailing plaintiff would be entitled to through the trial date and a reasonable estimate of the trial date is one year from the date of removal. *See Chavez*, 888 F.3d at 417; *Fisher*, 2018 WL 6323077, at *5; *see also Ulloa v. California Newsp. Partners*, Case No. LA CV20-11776 JAK (AGRx), 2021 WL 6618815, at *6 (C.D. Cal. Oct. 21, 2021). Accordingly, Defendants' lost wages calculation of at least $194,420.12 is correct. As Defendants have demonstrated the amount in controversy exceeds $75,000 with Plaintiff's lost wages claim alone, the Court finds it is unnecessary to address the remaining arguments.

Accordingly, the Court DENIES Plaintiff's Motion to Remand. (ECF No. 4.)

## IV.    CONCLUSION

For the aforementioned reasons, the Court DENIES Plaintiff's Motion to Remand (ECF No. 4).

IT IS SO ORDERED.

Date: September 9, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE