Ronald L. Zambrano (State Bar No. 255613)
*ron@westcoasttriallawyers.com*
**WEST COAST TRIAL LAWYERS, APLC**
1147 South Hope Street
Los Angeles, California 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiff,
SAIRA SHEIKH

PANKIT DOSHI (SBN 231369)
pdoshi@mcdermottlaw.com
MELISSA KENDRA (SBN 291905)
jkendra@mcdermottlaw.com
M. ALEJANDRA CHUMBES (SBN 358028)
achumbes@mcdermottlaw.com
**MCDERMOTT WILL & SCHULTE LLP**
415 Mission St Suite 5600
San Francisco, CA 94105-2616
Telephone: +1 628 218 3800
Facsimile: +1 628 877 0107

BRIAN CASILLAS (SBN 303528)
bcasillas@mcdermottlaw.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110

Attorneys for Defendants
DAVITA, INC. AND DVA RENAL
HEALTHCARE, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

SAIRA SHEIKH, an Individual,

Plaintiff,

v.

DAVITA INC., a Delaware corporation; DVA RENAL HEALTHCARE, INC., a Tennessee corporation; and DOES 1 through 10, inclusive,

Defendant.

CASE NO. 2:25-cv-00111-TLN-CSK

**JOINT STIPULATION TO EXTEND EXPERT DISCOVERY DEADLINE FOR THE LIMITED PURPOSE OF CONDUCTING EXPERT DEPOSITIONS; AND ORDER**

Action Filed: December 9, 2024
Action Removed: January 10, 2025
Dispositive Motion Filed: July 9, 2026

**TO THE HONORABLE COURT:**

Plaintiff SAIRA SHEIKH ("Plaintiff") and Defendants DAVITA INC. and DVA RENAL HEALTHCARE, INC ("Defendants") (Plaintiff and Defendants collectively, the "Parties") by and through their respective counsel of record, hereby agree to enter into the following stipulation (the "Joint Stipulation") to extend the expert discovery cut-off for the sole purpose of conducting the depositions of Plaintiff's expert and of Defendants' expert.

WHEREAS, pursuant to this Court's Initial Pretrial Scheduling Order dated January 29, 2025, (the "Pretrial Scheduling Order"), the deadline for the Parties to disclose their respective experts was March 11, 2026;

WHEREAS, pursuant to the Pretrial Scheduling Order, the Parties were required to complete all expert discovery in a timely manner to comply with the Court's dispositive motion deadline of July 9, 2026;

WHEREAS, on September 4, 2025, the Parties filed a Joint Stipulation to Stay Discovery Pending Mediation, which continued the fact discovery cutoff to May 10, 2026, but provided that the expert discovery cutoff would remain March 11, 2026 (the "Joint Stipulation to Stay Litigation");

WHEREAS, this Court granted the Parties' Joint Stipulation to Stay Litigation on September 4, 2025 (the "Minute Order");

WHEREAS, the Minute Order altered the March 11, 2026, deadline set forth in the Initial Pretrial Scheduling Order such that it applied to the expert discovery cutoff rather than to the Parties' initial expert disclosures;

WHEREAS, in filing the Joint Stipulation to Stay Litigation, the Parties intended the March 11, 2026 deadline to apply only to the exchange of initial expert disclosures, not to the completion of expert discovery, including expert depositions;

WHEREAS, the Parties disclosed their experts on or around March 11, 2026;

WHEREAS, at the time of the dispositive motion cutoff, the Parties did not believe that completion of expert depositions was necessary to resolve the pending motion, and therefore did not complete such depositions before that deadline;

WHEREAS, DaVita's Motion for Summary Judgment, or in the Alternative, Motion for

Summary Adjudication, has been fully briefed, the hearing on the motion has been taken off calendar, and the motion is currently under submission with the Court;

WHEREAS, no trial date is currently set in this action;

WHEREAS, the Parties wish to engage in limited expert discovery consisting of a single deposition of each Party's respective expert;

WHEREAS, the Parties have agreed to conduct such expert depositions by December 31, 2026.

**JOINT STIPULATION**

By this Joint Stipulation, and Good Cause appearing, the Parties agree as follows:

1. The Parties agree to extend the Expert Discovery cutoff to December 31, 2026, for the sole purpose of conducting the depositions of Plaintiff's and Defendants' experts.

2. The Parties agree that the only discovery to be conducted after the cutoff date of March 11, 2026, are the depositions of Defendants' expert Dr. John Greene and Plaintiff's expert Dr. Alex Yufik.

3. Such depositions shall be limited in scope to the opinions, and the bases therefor, disclosed in each expert's written report served pursuant to Federal Rule of Civil Procedure 26(a)(2), and shall not be used to introduce, elicit, or preserve any new or supplemental opinion.

4. No Party will suffer prejudice as a result of the aforementioned extension.

5. The proposed extension has been stipulated by all Parties.

6. The deposition testimony obtained pursuant to this Joint Stipulation shall not be used as a basis for supplemental briefing on, or reconsideration of, any dispositive motion currently pending before, or under submission with, the Court, absent leave of Court.

7. This Joint Stipulation, and the limited extension of the expert discovery cutoff set forth herein, pertain solely to the completion of the expert depositions identified above and do not affect, and are not intended to affect, any motion currently pending before, or under submission with, the Court.

///

8. The Parties respectfully request that the Court enter the [Proposed] Order pursuant to the terms of this Joint Stipulation.

Dated: September 17, 2026

**MCDERMOTT WILL & SCHULTE LLP**

By: ______________________________

PANKIT DOSHI
BRIAN CASILLAS
MELISSA KENDRA
M. ALEJANDRA CHUMBES
Attorneys for Defendants
DAVITA, INC. and DVA RENAL HEALTHCARE, INC.

By: ______________________________

RONALD ZAMBRANO
Attorneys for Plaintiff
SAIRA SHEIKH

**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves the Joint Stipulation filed by the Parties in *Sheikh v. Davita, Inc.* (2:25-CV-00111-TLN-CSK) and enters the following Order pursuant to its terms:

1. The March 11, 2026, Expert Discovery cutoff is extended to **December 31, 2026,** for the sole purpose of conducting the depositions of Defendants' expert Dr. John Greene and Plaintiff's expert Dr. Alex Yufik.
2. Such depositions shall be limited in scope to the opinions, and the bases therefor, disclosed in each expert's respective written and supplemental reports served pursuant to Federal Rule of Civil Procedure 26(a)(2).
3. The testimony obtained in such depositions shall not be used as a basis for supplemental briefing on, or reconsideration of, any dispositive motion currently pending before, or under submission with, the Court, absent leave of Court. This extension does not affect, and is not intended to affect, any such pending motion.

Dated: September 17, 2026

Troy L. Nunley
Chief United States District Judge